For the appellant is William Bigg you are he sir? Yes. For the appellee is James Ryan Williams. Mr. Bigg you may proceed sir. Your honors may I please support the counsel. My intention is to focus my arguments this afternoon on two issues. The first is the issue of who can testify in the state's case in chief. We raise the issue of the respondent's primary therapist being called to stand by the state in their case in chief. Our argument is simply this. The statute plainly says the court should consider the report so prepared under the direction of the director of the Department of Corrections and any other relevant information submitted by or on behalf of the applicant. Our position is simply this. The only plain obvious way to read that statute is the witness the state would call at trial is the person who wrote that report. The applicant can call anyone who is relevant to present information that is relevant under the wording of the statute. But therapists other individuals professional or non-professional should not be called as witnesses. Counselor you're talking about the testimony from Heather Young. I am your honor. How was that harmful to your client even suppose if we agree with you maybe it should not have been allowed. Your honor we believe that it is prejudicial because the state called Ms. Young to testify regarding her opinion as to my client's cooperation or lack thereof in his treatment program what he did or failed to do in treatment and to argue these as relevant to his current condition. It shifted attention away from the issue about what his actual current condition is and put focus on whether he is a partner person or not or attending all of his classes or meaningfully participating. This is about an issue the trial here is designed to be about this expert's opinion and not about what Ms. Young said about him as a patient. So on that we think that the wording is pretty plain. We think that the grant case is very clear. The state's evidence here is limited to that expert and we don't think that there is a difference between seeking to bring in another expert and somebody who is not an expert. It is still somebody other than the person who has authored that report. Our other argument pertains and this is I think the more complex perhaps. The Masterson issue. I would readily admit that I found no cases since Masterson was decided in 2003 explaining exactly how that holding applies when an SDPA case is tried to adjourn. However, our position is this. When our Illinois Supreme Court decided on Masterson in 2003, it had in mind what the U.S. Supreme Court just decided in Kansas v. Hendricks and Kansas v. Crane. And that in order to keep this statute constitutionally sound. Statute mind you where a person is held indefinitely perhaps for the rest of their life based on not having committed any current crime but rather the fact finder's finding about what that person is probable or likely to do in the future. In order to make this constitutionally sound, our Supreme Court said that a finding of sexual dangerousness premised upon the elements of Section 1.01 of the SDPA must hereafter be accompanied by an explicit finding that is substantially probable the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined. Now, there have been cases involving bench trials where that explicit finding was in fact not explicitly made. This case was tried to a jury. The issue is not about what was contained in the jury instructions. The jury instructions have been in the, there are no pattern instructions but I would describe them as the model instructions of the instructions that have been typically used since Masterson was decided. Simply added that language to the 1.01 elements as an additional element. And the problem is the instructions tell the jury what it should do. The instructions tell the jury what it should. The instructions tell the jury if you find from your consideration of all the evidence that each of these propositions has been proven by clear and convincing evidence, you should find that the respondent is still a sexually dangerous person. It is not the same to have it in an instruction and to have it in a verdict or a special interrogatory or whatever it is. Now, I understand no cases have yet said that that's what's needed. But if in a bench trial a judge cannot be presumed to have made that finding. But a judge doesn't have instructions. But a judge isn't supposed to need instructions. But the jury here does. It's one of the elements that they must find. They are instructed that. But, Your Honor, if we were always confident that if it was a foregone conclusion that juries make every finding necessary to a verdict, we wouldn't have a concept of special interrogation. Well, in a jury case, in what form would this finding be made? Your Honor, I think that there would be two possible approaches to this. One is, as in a civil case, for there to be a special interrogatory that is used as a check on the jury verdict. As in a civil case, if that is not consistent, then we don't have a good verdict. The other way would be to use a special verdict form where the jury would make that finding as part of the verdict. That's the only way that I can think of that that finding would accompany that finding of sexual dangerousness. In other words, to make that finding explicit, the jury has to affirmably do something that is explicit. That is our argument on that. Your Honor, do you have any further questions regarding that or any other issues raised? Proceed then. Thank you, Counsel. Mr. Williams, you have an opportunity, Mr. Vick, to address us again in rebuttal. You may proceed. Thank you, Your Honor. May it please the Court, Counsel, my name is James Ryan Williams, and on behalf of the State's Attorney's Appellate Prosecutor, it is my privilege to represent the State before this Honorable Court. With respect to the first issue that the defendant discussed regarding the testimony of the primary therapist here, what he's essentially doing is, without any relevant authority, he reads the plain language of the statute. Which discusses what the Court is required to consider as somehow prohibiting the Court from considering anything else that may be relevant. And the statute requires the Court to consider at a minimum two things. First, the socio-psychiatric report, and second, any relevant information submitted by the defendant. Now, the fact that the Court is required to consider these two things at a minimum does not mean that the Court can't consider other relevant information. And here it seems that there's nothing that would be much more relevant than the testimony of the primary therapist, who developed the defendant's treatment plan, works with them regularly, if not daily, authored the semiannual evaluation. And I say this because the report that was generated here was in large part based on this information, as well as interviews with the primary therapist. And there's just seemingly no basis in the statute or case law that precludes the testimony of this therapist. And in fact, a perfectly strict interpretation of this statute would seemingly mean that the Court could only consider the report itself. And yet the defendant's not here arguing that the evaluator can't testify, and he's made no effort to explain why it is that the language requiring the Court to consider the report somehow allows the evaluator to testify, but not the primary therapist. So again, it just seems like there's no basis in the statute or the case law precluding this testimony. Now, as to what seems to be the defendant's primary issue with respect to the explicit finding, I must admit, I feel like I'm perhaps missing something here. The defendant concedes that the jury was properly instructed, and those instructions were as follows, and I'm quoting, In order for you to find the respondent to still be a sexually dangerous person, the State must prove the following propositions. There were four propositions, the fourth one being, the State had to prove, It is substantially probable the respondent will engage in the commission of sex offenses in the future if not confined. The jury was then further instructed, If you find from your consideration of all the evidence that each of these propositions has been proven by clear and convincing evidence, you should find the respondent is still a sexually dangerous person. After being so instructed, the jury returned a verdict, finding that the defendant remained a sexually dangerous person. In accordance with those instructions, the jury necessarily had to explicitly find that there was a substantial probability he would commit future offenses if not confined. And yet, he argues that the jury somehow did not make this requisite finding. In doing so, he principally relies on the Bailey case. And here, importantly, this is a bench trial, as Your Honors noted. And what happened in that case is that the judge, despite going through the evidence quite thoroughly, gave no indication that he had specifically considered this element, and did not, in fact, even reference the substantial probability element. Based on this, he argues, the defendant argues, that if such a finding can't be read into a bench opinion, then there's no way it can be read into the verdict form. So what he's basically arguing is that the instructions for rendering the verdict form were not enough, and that, I guess, the magic words, substantial probability, have to appear in the verdict form. Now, there's no authority for this, and in fact, he's given absolutely no reason why proposition instructions work in murder cases, countless other criminal offenses, and yet, in the context of a sexually dangerous person, they somehow don't suffice. Moreover, it must be pointed out that any error here was invited by the defendant himself, which he doesn't dispute or address in his reply brief. And I say this because the propositions instructions were specifically tendered by him, and in fact, he explains to the court that under the Masterson case, the four elements had to be individually addressed in the instructions. The court agreed with him, and actually disagreed with the state, and gave the instructions he asked. He also submitted a verdict form that was substantively identical to the verdict form that ultimately got before the jury. The only difference was in one of them, they used the word remains, and the other one they used is still. Neither of these verdict forms had this magic language of a substantial probability. And under the doctrine of invited error, the defendant cannot ask the court to proceed in one way, and then turn around and appeal, and complain that the court erred, essentially for agreeing with the very thing that he asked the court to do. And that's precisely what we have here. Now, somehow, he did not invite this error. In any event, it's forfeited for review because he did not object to the instructions that he tendered, which obviously sounds awkward, but in any event. And again, he agreed to, first of all, he tendered the verdict form that was substantively identical to the state's, and then separately actually agreed that the state's form should be given. That was given. And again, neither of these included this magic language for which he now complains was missing. And finally, I would point out that at the very end of this argument in his brief, he makes essentially the same argument with respect to the element of volitional capacity. Now, I would just briefly note that the term mental disorder, as used in the Sexually Dangerous Person Act, has been construed to include volitional capacity. And again, that was one of the four propositions the jury was specifically instructed to consider in rendering its ultimate verdict. So, what we have here is essentially a situation where, and the court posed a similar question, but basically it's as if he's asking for a special verdict form as to two of the four elements of sexually dangerous person elements. Special verdict form is needed for two of the four, but apparently a general verdict form suffices as to the other two. Now, I point this out in my response brief. He makes no effort to explain this curious position or this incongruity in his reply brief, and then, of course, still raises this argument before the court without addressing, again, what would be a very seemingly awkward procedure of requiring a special verdict form or special interrogatory, whatever you'd like to call it, as to two of the four elements, but not as to the other two. And unless the court has any further questions, thank you for your time, Your Honor. Okay, thank you. Mr. Vick, is there a problem, sir? Yes. Let me ask you this, Mr. Vick, before you get started. Is Mr. Williams correct that the verdict form was one, I guess, jointly submitted or first submitted by the respondent in this case? I believe the verdict form used, if my memory serves correctly, was actually the State's, but that we had submitted a verdict form, which I think is fair to characterize it as not materially different. And so that issue will dispute. Well, then why isn't this a matter where the defendant can't complain because he has at least an acquiescence or maybe more than that in the court's action that he is now complaining of on appeal? Your Honor, my client's appellate counsel will concede that his trial counsel, who is the same person, was not bright enough to think of this before the issue occurred. Well, I commend your candor. However, I understand the court's inquiry, and I appreciate that. This is a situation where we've got a substantial defect, and actually it's not in the instruction per se, but in a finding. And it's a form of a verdict that was not the form of verdict my client would have wanted anyway. And I would submit two things. One is I'm not sure that I have that my client or his counsel have a duty to make sure that the verdict they don't want is a proper one in form. You better repeat that. Too many negatives there. Yes. I'd be happy to attempt to rephrase my thought. I would argue that it is the burden of the party who wants a particular verdict to make sure that that verdict is rendered in a legally proper fashion. The second argument I would make is that... Well, but when the state tenders this instruction, believing it to be correct, and the position of the defense is, yeah, it works for us and the deed was the same as ours, hasn't the state, and for that matter the court, met its obligations to make sure the jury is properly instructed? Again, I understand, but I don't believe that this is an instruction per se. It is a verdict form, and ultimately the issue is with the finding of the fact finder not being legally constitutionally, in fact, sufficient. And the reason for that is that these aren't just magic words. The reason these are important, this is unlike every other type of case. Because in this case, unlike every other type of case, a person can be locked up for the rest of their life not for something they have done, but for something it's believed they're going to do or substantially probable to do in the future. And there's a reason why the finder of fact shouldn't make that very specific finding. So that they understand they are making this finding not about what they've done in the past, not about what they've done in treatment. All those things may inform it somehow. We've got at least one expert who's going to testify at each of these trials, and we do think it's proper for the person who prepares the report to be able to testify about that report, and to be cross-examined on that. All that may go into, but ultimately, a judge or a jury is locking someone up for what they think they're going to do in the future. This is like minority report, but in real life. And so we need the jury in this case to understand, appreciate, and make that actual finding. We find it substantially probable that Jacob Kellel will commit sex offenses in the future, if not confined. That's what I believe is necessary. That's why I think it was plain error, a substantial defect, if you will, and one that we didn't waive by failing to object to the form of the verdict that favored the prosecution. Briefly, as to the points that counsel made about, or the argument that I didn't cite any relevant authority as to Ms. Young. Grant is the authority we cited. Grant says the state can't go find additional experts. The point is the same. Whether it's somebody who is an expert or not an expert. A layperson, a fact witness, if you will. Someone who's done something other than render an expert opinion. The point is still the same. The statute says exactly what evidence is supposed to come in at that trial. It is limiting. It's not just a minimum requirement. It's also a, this is it. The report, and any relevant information submitted by the respondent. If the legislature had meant by the state or the respondent, it could have clearly said so. Grant says we're going to strictly construe this because this has the effect of depriving people of their liberty. Are there any other questions? Thank you, counsel. Thank you. We'll take this amendment and revise it at the recess.